IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**HONGWEI "TERRY" MA**                                                                      PLAINTIFF

v.                          Case No. 3:19-cv-00344-KGB

**NUCOR CORPORATION f/k/a Nucor Steel,**
**Nucor Arkansas, and/or Nucor Steel Arkansas**                          DEFENDANT

## ORDER

Before the Court are several pending motions related to plaintiff Hongwei Ma's operative complaint. Defendant Nucor Corporation f/k/a Nucor Steel, Nucor Arkansas, and/or Nucor Steel Arkansas ("Nucor") filed a motion to dismiss Ms. Ma's amended complaint (Dkt. No. 8). Ms. Ma filed a response (Dkt. No. 14). Ms. Ma then filed a motion for leave to file a second amended complaint (Dkt. No. 20). Nucor responded in opposition to that motion (Dkt. No. 22). Ms. Ma filed a motion for leave to file a belated reply to Nucor's opposition to her motion for leave to file a second amended complaint (Dkt. No. 23).

For the following reasons, the Court grants Ms. Ma's motion for leave to file a belated reply, directs Ms. Ma to file her belated reply within 14 days from entry of this Order, and has considered her proposed reply when ruling on the pending motions (Dkt. No. 23). The Court grants Ms. Ma's motion for leave to file a second amended complaint and directs Ms. Ma to file her proposed second amended complaint within 14 days from the entry of this Order (Dkt. No. 20). Further, although the Court has considered the merits of Nucor's arguments raised in its motion to dismiss Ms. Ma's amended complaint based on Nucor's assertion of futility, given the procedural posture of this case, the Court denies as moot Nucor's motion to dismiss Ms. Ma's amended complaint in the light of the Court's ruling permitting Ms. Ma to file a second amended complaint (Dkt. No. 8). The Court also denies as moot Ms. Ma's pending motion to stay ruling

on defendant's motion to dismiss pending plaintiff's motion to amend first amended complaint (Dkt. No. 17).

## I. Background

Ms. Ma was born in China, is of Chinese heritage, is a Canadian citizen, and is a legal resident of the United States of America temporarily residing in China (Dkt. No. 2, ¶ 3). Nucor is America's largest steel and steel products producer; is a foreign for-profit corporation organized under the laws of the State of Delaware; and maintains a principal place of business at 7301 East County Road 142 in Blytheville, Arkansas (*Id.*, ¶ 4). At all relevant times, Nucor had over 800 employees; met all statutory requirements under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.*; and qualified as an "employer" within the meaning and coverage of Title VII (*Id.*, ¶¶ 9-10).

Ms. Ma alleges that she was hired by Nucor as a Technical Lead – AISS and Coated Product Development on or about February 25, 2018 (*Id.*, ¶¶ 18-19). Chad Gentry was Ms. Ma's direct supervisor, and Ms. Ma alleges that she was instructed to share an office with Mr. Gentry upon beginning her employment (*Id.*, ¶¶ 20-21). Ms. Ma alleges in more detail in her complaint a series of inappropriate behaviors directed toward her by Mr. Gentry, including romantic and personal overtures (*Id.*, ¶¶ 22-29). Ms. Ma alleges that she attempted to speak with Mr. Gentry about keeping their relationship professional and informed him that she knew that he was married and that she would not partake in an extramarital affair (*Id.*, ¶¶ 25-26). Ms. Ma alleges that she attempted to rectify the matter by moving offices, that this attempt only made the situation worse, and that Mr. Gentry received these discussions and the spurning of his overtures poorly (*Id.*, ¶ 27).

For example, Ms. Ma alleges that Mr. Gentry failed and refused to instruct her on what her job duties were (*Id.*, ¶ 29). Ms. Ma alleges that Mr. Gentry performed her employee review

differently from other employees and in an inappropriate manner (*Id.*, ¶ 30).  Ms. Ma alleges that Mr. Gentry gave her a poor performance review despite her good work in retaliation for her rejection of his improper overtures (*Id.*, ¶ 31).  Nucor undertook an investigation into the situation, although Ms. Ma alleges that this investigation was inadequate, superficial, and failed to remedy the adverse employment actions that had already been taken against her (*Id.*, ¶¶ 32, 45).

On or about February 21, 2019, Ms. Ma filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") against Nucor, alleging discrimination based on sex, national origin, age, and retaliation (Dkt. Nos. 2, ¶ 33; 14-1).  On or about September 10, 2018, Ms. Ma alleges that she received notice of her termination (Dkt. No. 2, ¶ 34).  Ms. Ma states that Nucor offered insubordination and alleged safety violations as reasons for her termination (*Id.*, ¶¶ 36, 48).  Ms. Ma alleges that these reasons constitute pretext and that her termination occurred in retaliation for her protected activities (*Id.*, ¶¶ 42, 47, 49).

Ms. Ma brings this action against Nucor[1] alleging wrongful discharge, sex discrimination, discrimination based on her heritage or race, discrimination on the basis of age, retaliation, and violation of state laws on discrimination (Dkt. No. 2, ¶¶ 1, 18-63).  Ms. Ma alleges that Nucor is subject to vicarious liability for the actionable hostile work environment created by Nucor's employees and management personnel described herein (*Id.*, ¶ 38).  Ms. Ma sues Nucor pursuant to Title VII; the Age Employment in Discrimination Act ("ADEA"), 29 U.S.C. § 621, *et seq.*; and the Arkansas Civil Rights Act ("ACRA"), Arkansas Code Annotated § 16-123-107, *et seq.* (*Id.*, ¶¶ 11-15).

---

[1] Ms. Ma initially also named as defendants Nucor-Yamato Steel Company (Limited Partnership), and its General Partners, Nucor Holding Corporation and Yamato Holding Corporation (Dkt. No. 1).  Ms. Ma moved to dismiss those separate defendants from this action, and this Court granted that motion (Dkt. Nos. 6; 7).

## II.     Legal Standard

Ms. Ma moves for leave to amend her complaint pursuant to Federal Rule of Civil Procedure 15(a)(2), which provides that courts "should freely give leave when justice so requires." While there is no absolute or automatic right to amend, under the liberal amendment policy of Rule 15(a), "denial of leave to amend pleadings is appropriate only in those limited circumstances in which undue delay, bad faith on the part of the moving party, futility of the amendment, or unfair prejudice to the non-moving party can be demonstrated." *Roberson v. Hayti Police Dep't*, 241 F.3d 992, 995 (8th Cir. 2001) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987)).

### A.     Good Cause

Under Federal Rule of Civil Procedure 16(b)(4), "[a] schedule may be modified only for good cause and with the judge's consent." Rule 16(b)'s "good cause" standard "governs when a party seeks leave to amend a pleading outside of the time period established by a scheduling order, not the more liberal standard of Rule 15(a)." *Hartis v. Chi. Title Ins. Co.*, 694 F.3d 935, 948 (8th Cir. 2012) (quoting *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716 (8th Cir. 2008)). Eighth Circuit precedent establishes that, "[i]f a party files for leave to amend outside of the court's scheduling order, the party *must* show cause to modify the schedule." *Sherman,* 532 F.3d at 709 (emphasis in original) (quoting *Popoalii v. Corr. Med. Servs.,* 512 F.3d 488, 497 (8th Cir. 2008)). The "primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the [scheduling] order's requirements." *Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001) (citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)). "The moving party fails to show good cause when there has been 'no change in the law, no newly discovered facts, or any other changed circumstance . . . after the scheduling

deadline for amending pleadings.'" *Powell v. Camping World RV Sales LLC*, No. 4:13-cv-00195 KGB, 2014 WL 5311525, at *5 (E.D. Ark. Oct. 16, 2014) (quoting *Hartis*, 694 F.3d at 948). "[T]he failure to recognize the need for amended claims at an earlier date [does] not constitute good cause to excuse the untimeliness of [a] motion to amend." *Schenk v. Chavis*, 259 F. App'x 905, 908 (8th Cir. 2008); *see also Davis v. City of St. John*, 182 F. App'x 626, 627 (8th Cir. 2006) (affirming denial of motion for leave to amend where "[a]lmost all of the information that the [plaintiffs] sought to add to their complaint had been in their possession well before the suit began"). However, good cause may be shown when plaintiff first discovered facts supporting the proposed amended complaint after the amendment deadline expired. *See Powell*, 2014 WL 5311525, at *5; *cf. Trim Fit, LLC v. Dickey*, 607 F.3d 528, 532 (8th Cir. 2010) (upholding district court's denial of motion to amend complaint since the need to develop additional facts in order to support new claim at late stage in the proceedings would have prejudiced defendant).

### B. Prejudice

As mentioned above and relevant here, the Court should also consider whether the grant of a motion for leave to file an amended complaint would prejudice the nonmoving party. *See Doe v. Cassel*, 403 F.3d 986, 991 (8th Cir. 2005) ("Delay alone is not enough to deny a motion to amend; prejudice to the nonmovant must also be shown." (quoting *Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 841 (8th Cir. 2004))). For example, "[m]otions that would prejudice the nonmoving party by 'requiring a re-opening of discovery with additional costs, a significant postponement of the trial, and a likely major alteration in trial tactics and strategy' are particularly disfavored." *Kozlov v. Associated Wholesale Grocers, Inc.*, 818 F.3d 380, 395 (8th Cir. 2016) (quoting *Steir v. Girl Scouts of the U.S.A.*, 383 F.3d 7, 12 (1st Cir. 2004)); *see also Popp Telcom v. Am. Sharecom, Inc.*, 210 F.3d 928, 943 (8th Cir. 2000) (noting that prejudice can come in the form of "the burdens

of additional discovery and delay to the proceedings"). Additionally, prejudice can be found in "forcing [a party] to re-litigate the dispute on new bases . . . and to incur new rounds of additional and costly discovery, and depriving it of the meaningful value of obtaining summary judgment." *Kmak v. Am. Century Cos., Inc.*, 873 F.3d 1030, 1035 (8th Cir. 2017) (quoting *Sanders v. Venture Stores, Inc.*, 56 F.3d 771, 774 (7th Cir. 1995)). The Court notes that "[a]ny prejudice to the nonmovant must [also] be weighed against the prejudice to the moving party by not allowing the amendment." *Bell v. Allstate Life Ins. Co.*, 160 F.3d 452, 454 (8th Cir. 1998) (citing *Buder v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 644 F.2d 690, 694 (8th Cir. 1981)). However, the Court need "not consider prejudice [to the nonmovant] if the movant has not been diligent in meeting the scheduling order's deadlines." *Kmak*, 873 F.3d at 1034 (quoting *Hartis*, 694 F.3d at 948).

### C.  Futility

Additionally, "[a] district court's denial of leave to amend a complaint may be justified if the amendment would be futile." *Hillesheim v. Myron's Cards & Gifts, Inc.*, 897 F.3d 953, 955 (8th Cir. 2018) (quoting *Geier v. Mo. Ethics Comm'n*, 715 F.3d 674, 678 (8th Cir. 2013)). "Denial of a motion for leave to amend on the basis of futility 'means the district court has reached the legal conclusion that the amended complaint could not withstand a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure.'" *Zutz v. Nelson*, 601 F.3d 842, 850 (8th Cir. 2010) (quoting *Cornelia I. Crowell GST Trust v. Possis Med., Inc.*, 519 F.3d 778, 782 (8th Cir. 2008)). To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw

6

the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "While a complaint attacked by a [Federal] Rule [of Civil Procedure] 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (alteration in original) (citations omitted). "[T]he complaint must contain facts which state a claim as a matter of law and must not be conclusory." *Briehl v. Gen. Motors Corp.*, 172 F.3d 623, 627 (8th Cir. 1999) (citing *Frey v. City of Herculaneum*, 44 F.3d 667, 671 (8th Cir. 1995)). "When ruling on a motion to dismiss, the district court must accept the allegations contained in the complaint as true and all reasonable inferences from the complaint must be drawn in favor of the nonmoving party." *Young v. City of St. Charles, Mo.*, 244 F.3d 623, 627 (8th Cir. 2001) (citing *Hafley v. Lohman*, 90 F.3d 264, 266 (8th Cir. 1996)). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds by Davis v. Scherer*, 468 U.S. 183 (1984).

### III. Motion For Leave To File Second Amended Complaint

The Court's Initial Scheduling Order permits parties to seek leave to amend pleadings no later than November 23, 2020 (Dkt. No. 10, ¶ 2). Ms. Ma seeks to leave to amend her complaint to add relevant facts to her first amended complaint that were not included in her complaint or her first amended complaint (Dkt. No. 20, at 1). Ms. Ma notes that under the liberal amendment policy of Rule 15(a) of the Federal Rules of Civil Procedure "leave [to amend] shall be freely given." Fed. R. Civ. P. 15(a). In response, Nucor asserts that Ms. Ma "has merely tacked a litany of new, unsupported, and confusing allegations to the end of her First Amended Complaint without any

effort to meet required pleading standards or to even connect the new allegations to her numerous legal claims" (Dkt. No. 22, at 1).  Nucor maintains that Ms. Ma has not corrected the numerous alleged deficiencies in her current complaint and has not shown that justice requires amendment of her complaint (*Id.*, at 2-4).

### A.     Proposed Second Amended Complaint

Ms. Ma provides a copy of her proposed second amended complaint (Dkt. No. 20-1).  The Court has reviewed her proposed second amended complaint and compared it to her first amended complaint (Dkt. Nos. 2; 20-1).  Ms. Ma's proposed second amended complaint pleads the same five causes of action as her first amended complaint:  (1) sex discrimination, (2) heritage/race, (3) age discrimination, (4) retaliation, and (5) a state cause of action pursuant to the Arkansas Civil Rights Acts of 1993 ("ACRA"), Arkansas Code Annotated § 16-123-107, *et seq.* (Dkt. No. 20-1, ¶¶ 18-63).  Ms. Ma's proposed amendments add a number of factual allegations regarding Mr. Gentry's alleged behavior toward her that are missing from her first amended complaint (*Id.*, ¶¶ 67-248).  These allegations provide additional context to Ms. Ma's employment discrimination claims.   In addition, Ms. Ma's proposed amendments add allegations regarding further discriminatory behavior in support of her claims, including allegations involving Nucor employees who were not mentioned specifically in the first amended complaint.

### B.     Analysis

The Court concludes that Nucor fails to demonstrate the sort of "limited circumstances in which undue delay, bad faith on the part of the moving party, futility of the amendment, or unfair prejudice to the non-moving party" that would justify denying Ms. Ma's motion for leave to file second amended complaint.  *Roberson*, 241 F.3d at 995.

Nucor asserts that Ms. Ma's first amended complaint contained "numerous deficiencies" that her proposed second amended complaint does not cure (Dkt. No. 22, at 2). More specifically, Nucor maintains that Ms. Ma "has not listed the *prima facie* elements of her various claims, nor has she tied her factual allegations to those legal requirements" (*Id.*). Nucor also takes issue with Ms. Ma "merely incorporat[ing] by reference the factual allegations she raised on her sex discrimination claim and then stat[ing] that" those facts also constitute other alleged forms of discrimination (*Id.*). For the present stage of this litigation, Ms. Ma's current complaint pleads the *prima facie* elements required for her various claims, and Ms. Ma's proposed second amended complaint adds factual allegations that further support those claims. The Court rejects Nucor's assertion that permitting Ms. Ma to file the proposed second amended complaint would be futile.

        **1.**      **Sex Discrimination**

To plead a *prima facie* claim of sex discrimination under Title VII, a plaintiff must allege that: (1) she is a member of a protected class; (2) she was meeting her employer's legitimate job expectations; (3) she suffered an adverse employment action; and (4) similarly situated employees outside the protected class were treated differently. *Jones v. City of St. Louis*, 825 F.3d 476, 480 (8th Cir. 2016). Additionally, "Title VII prohibits sexual harassment that takes the form of a hostile work environment." *Paskert v. Kemna-ASA Auto Plaza, Inc.*, 950 F.3d 535, 538 (8th Cir. 2020). "An employee can sue under Title VII if the harassment is 'sufficiently severe or pervasive to alter the conditions of [the victim's] employment and create an abusive working environment.'" *Id.* (quoting *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 67 (1986)).

Ms. Ma's current complaint alleges that, as a result of sex discrimination, she received "a poor performance review despite her good work," satisfying the requirement for her to plead she was meeting Nucor's legitimate job expectations (Dkt. No. 2, ¶ 31). Further, Ms. Ma alleges that

she "suffered from sex discrimination inasmuch as her performance review was conducted differently from that of her male, Caucasian, counterparts as described herein" and provides further details outlining how she contends her employee review differed from the reviews of other employees, satisfying the requirement for her to plead that similarly situated employees outside the protected class were treated differently (*Id.*, ¶¶ 30, 46). Ms. Ma properly exhausted this sex discrimination claim by including it in her EEOC Charge of Discrimination (Dkt. No. 14-1). At this stage of the litigation, the Court rejects Nucor's assertions that Ms. Ma's sex discrimination claim in either her first amended complaint or her proposed second amended complaint is subject to dismissal under controlling pleading standards.

### 2. Heritage Or Race Discrimination

"Title VII makes it 'an unlawful employment practice for an employer . . . to discharge any individual . . . because of such individual's . . . national origin.'" *Guimaraes v. SuperValu, Inc.*, 674 F.3d 962, 972 (8th Cir. 2012) (quoting 42 U.S.C. § 2000e-2(a)(1)). "The term 'national origin' on its face refers to the country where a person was born, or, more broadly, the country from which his or her ancestors came." *Espinoza v. Farah Mfg. Co., Inc.*, 414 U.S. 86, 88 (1973). To plead a *prima facie* claim of national origin discrimination under Title VII, a plaintiff must allege that: (1) she is a member of a protected class; (2) she was meeting her employer's legitimate job expectations; (3) she suffered an adverse employment action; and (4) similarly situated employees outside the protected class were treated differently. *Jones*, 825 F.3d at 480.

The Court understands Ms. Ma's assertion of discrimination based on her Chinese "heritage" to allege a claim of national origin discrimination, given that Ms. Ma's EEOC Charge of Discrimination included a national origin claim (Dkt. Nos. 2, ¶ 51; 14-1, at 1; 20-1, ¶ 51). The Court rejects Nucor's assertion that Ms. Ma's complaints are somehow deficient by incorporating

10

by reference the factual allegations from one cause of action in her complaint to support a separate cause of action. Ms. Ma could suffer an adverse employment action for more than one discriminatory reason, and Ms. Ma is not required at the pleadings stage to separate out whether she was terminated for one discriminatory reason or multiple reasons.

Further, Ms. Ma's complaint alleges that as a result of national origin discrimination she received "a poor performance review despite her good work," satisfying the requirement for her to plead that she was meeting Nucor's legitimate job expectations (Dkt. No. 20-1, ¶ 31). Ms. Ma alleges that she was treated in a different manner than her Caucasian colleagues and discriminated against because of her Chinese heritage (*Id.*, ¶¶ 46, 51). Ms. Ma properly exhausted this national origin claim by including it in her EEOC Charge of Discrimination (Dkt. No. 14-1). At this stage of the litigation, the Court rejects Nucor's assertions that Ms. Ma's national origin claim in either her first amended complaint or her proposed second amended complaint is subject to dismissal under controlling pleading standards.

### 3. Age Discrimination[2]

"The ADEA protects individuals aged 40 and over by prohibiting employers from discharging or otherwise discriminating against such individuals with respect to their compensation, terms, conditions, or privileges of employment on the basis of their age." *Haigh v. Gelita USA, Inc.*, 632 F.3d 464, 468 (8th Cir. 2011) (citing 29 U.S.C. § 623(a)). To have a valid claim for age discrimination, a plaintiff has the burden of proving "by a preponderance of the evidence[] that age was the 'but-for' cause of" her termination. *Id.* (citing *Gross v. FBL Fin.*

---

[2] In Ms. Ma's response to Nucor's motion to dismiss, Ms. Ma concedes her age discrimination claim (Dkt. No. 15, at 18). However, Ms. Ma's proposed second amended complaint includes an age discrimination claim (Dkt. No. 20-1, ¶¶ 52-55). Thus, for purposes of the instant motion, the Court understands Ms. Ma to reassert her age discrimination claim.

*Servs., Inc.,* 557 U.S. 167 (2009)). To establish a *prima facie* case of age discrimination, a plaintiff must show that: "(1) [s]he is over 40 years old, (2) [s]he met the applicable job qualifications, (3) [s]he suffered an adverse employment action, and (4) there is some additional evidence that age was a factor in the employer's termination decision." *Tramp v. Associated Underwriters, Inc.*, 768 F.3d 793, 800 (8th Cir. 2014) (quoting *Rahlf*, 642 F.3d at 637).

Again, the Court sees no issue with Ms. Ma incorporating by reference the factual allegations from one cause of action in her complaint to support a separate cause of action. Ms. Ma maintains that she "was discriminated against on the basis of her age, 51 at the time, born in 1967" (Dkt. No. 20-1, ¶ 53). Ms. Ma properly exhausted this age claim by including it in her EEOC Charge of Discrimination (Dkt. No. 14-1). Though Ms. Ma's proposed second amended complaint does not appear to further flesh out her age discrimination claim, at this stage of the litigation, the Court will not deny on the basis of alleged futility Ms. Ma's motion for leave to file an amended discrimination claim in her proposed second amended complaint.

### 4. Retaliation

"Title VII forbids an employer from 'discriminat[ing] against any of his employees . . . because he has opposed any practice made an unlawful employment practice by [Title VII], or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [Title VII].'" *Liles v. C.S. McCrossan, Inc.*, 851 F.3d 810, 818 (8th Cir. 2017) (quoting 42 U.S.C.§ 2000e-3(a)). To establish a retaliation claim under Title VII, "a plaintiff must first establish a prima facie case by showing that he or she: '(1) engaged in statutorily protected activity; (2) he [or she] suffered an adverse employment action, and (3) there was a causal connection between the adverse employment action and the protected activity.'" *Logan v. Liberty Healthcare Corp.*, 416 F.3d 877, 880 (8th Cir. 2005) (quoting *E.E.O.C. v. Kohler*

*Co.*, 335 F.3d 766, 772 (8th Cir. 2003)). "[T]he threshold of proof necessary to establish a *prima facie* case is minimal." *Young v. Warner-Jenkinson Co.*, 152 F.3d 1018, 1022 (8th Cir. 1998).

In her complaint, Ms. Ma claims that she was terminated "in retaliation for [her] rejection of [Mr.] Gentry's advances and her complaints to management, her EEOC Charge[,] and based on a discriminatory animus of sex and race discrimination" (Dkt. No. 2, ¶ 57). The Court notes that Ms. Ma filed her EEOC Charge of Discrimination on February 21, 2019, over five months after she was terminated on September 10, 2018. The Court does not see how filing her Charge of Discrimination could serve as the basis for a retaliation claim since she did not file the charge until after the alleged retaliatory act. However, Ms. Ma's rejection of Mr. Gentry's advances and complaints to management regarding Mr. Gentry's behavior could serve as the basis of her retaliation claim and suffice to state a *prima facie* claim of retaliation. Ms. Ma's proposed second amended complaint adds further detail regarding Mr. Gentry's alleged advances, Ms. Ma's complaints to management, and the alleged actions that resulted.

Although the Circuit Courts of Appeals are split on whether declining a supervisor's sexual advances constitutes protected activity under Title VII, the Eighth Circuit has recognized that a plaintiff engages in "the most basic form of protected conduct" when she tells her supervisor to stop harassing her. *Ogden v. Wax Works, Inc.*, 214 F.3d 999, 10007 (8th Cir. 2000); *see also Culton v. Mo. Dep't of Corr.*, 515 F.3d 828, 831 (8th Cir. 2008) (holding that plaintiff's "efforts to stop the harassment of a co-worker" constituted "an activity that is protected by Title VII"). District courts within the Eighth Circuit have also held that refusing to submit a supervisor's sexual advances could constitute protected activity under Title VII, depending on the factual circumstances at issue. *See, e.g.*, *Coe v. N. Pipe Prods., Inc.*, 589 F. Supp. 2d 1055, 1104 (N.D. Iowa 2008); *Ellet v. Big Red Keno, Inc.*, No. 8:96CV274, 1998 WL 476106, at *10 (D. Neb. June

13

19, 1998). Thus, for the purposes of this motion, the Court considers Ms. Ma's refusal to submit to Mr. Gentry's sexual advances protected activity under Title VII.

Further, "when an employee communicates to her employer a belief that the employer has engaged in . . . a form of employment discrimination, that communication virtually always constitutes" protected activity. *Crawford v. Metro. Gov't of Nashville & Davidson Cnty., Tenn.*, 555 U.S. 271, 276 (2009); *see also Gustafson v. Genesco, Inc.*, 320 F. Supp. 3d 1032, 1051 (S.D. Iowa 2018) ("The range of protected activity includes an informal complaint to management." (internal quotations and citations omitted)). Ms. Ma's alleged complaints to management—which management clearly received as evidenced by the investigation into Ms. Ma's complaints—also represent statutorily protected activity. Thus, Ms. Ma's rejection of Mr. Gentry's advances and complaints to management establish the first prong of her retaliation claim.

Ms. Ma also sufficiently alleges that she was subjected to adverse employment action in the form of poor performance reviews and termination, establishing the second prong of her retaliation claim. Finally, Ms. Ma sufficiently alleges that a causal link existed between the protected activity and the adverse employment action as she claims she received poor performance reviews as a result of her rejecting Mr. Gentry's advances which led to her termination. Thus, Ms. Ma has also established the third prong of her retaliation claim.

Accordingly, at this stage of the litigation, the Court rejects Nucor's assertions of futility with respect to Ms. Ma's retaliation claim in her first amended complaint and her proposed second amended complaint.

### 5. Discrimination Under The ACRA

The ACRA prohibits discrimination by employers on the basis of "race, religion, national origin, gender, or the presence of any sensory, mental, or physical disability." Ark. Code Ann. §

16-123-107(a)(1). Violations of the ACRA are evaluated under the Title VII discrimination framework and relevant federal case law prohibiting disparate treatment. *See Rinchuso v. Brookshire Grocery Co.*, 944 F.3d 725, 729 (8th Cir. 2019) (citing *Greenlee v. J.B. Hunt Transp. Servs.*, 342 S.W.3d 274, 277-79 (Ark. 2009)).

Ms. Ma's ACRA cause of action incorporates by reference the factual allegations set forth earlier in her complaint and simply states that she "alleges a pendent state cause of action pursuant to the [ACRA]" (Dkt. Nos. 2, ¶¶ 58-59; 20-1, ¶¶ 58-63). The ACRA provides redress for sex discrimination and national origin discrimination, and the Court understands Ms. Ma's pendent state cause of action to be related to her sex discrimination and national origin discrimination claims brought pursuant to Title VII. As the Court has concluded that Ms. Ma's current complaint and proposed second amended complaint plead adequately her sex discrimination and national origin discrimination claims under Title VII, the Court also concludes that Ms. Ma's current complaint and proposed second amended complaint plead adequately these causes of action under the ACRA.

Accordingly, at this stage of the litigation, the Court sees no obvious deficiencies concerning Ms. Ma's state law claims in either her first amended complaint or her proposed second amended complaint. The Court rejects Nucor's assertion of futility with respect to these claims.

### C. Conclusion

The Court, in accordance with the liberal amendment policy of Federal Rule of Civil Procedure 15(a), grants Ms. Ma's motion for leave of court to file second amended complaint and directs Ms. Ma to file her proposed second amended complaint within 14 days of the entry of this Order (Dkt. No. 20). The Court also grants Ms. Ma's motion for leave to file a belated reply,

directs Ms. Ma to file her belated reply within 14 days from entry of this Order, and has considered her proposed reply when ruling on the pending motions (Dkt. No. 23).

### IV. Motion To Dismiss

On April 26, 2020, Nucor filed a motion to dismiss asserting that Ms. Ma's complaint fails to establish a *prima facie* case of discrimination for any of her asserted causes of action (Dkt. No. 8, ¶ 1). In response, Ms. Ma asserts that this Court must accept the allegations of the complaint as true and construe the complaint and all reasonable inferences arising from it in her favor and that she has stated sufficient facts in her first amended complaint upon which relief can be granted and, therefore, Nucor's motion to dismiss should be denied (Dkt. No. 14, ¶¶ 4-5).

"[A]s a general proposition, if a defendant files a Motion to Dismiss, and the plaintiff later files an Amended Complaint, the amended pleading renders the defendant's motion to dismiss moot." *Oniyah v. St. Cloud State Univ.*, 655 F. Supp. 2d 948, 958 (D. Minn. 2009) (citing *Pure Country, Inc. v. Sigma Chi Fraternity*, 312 F.3d 952, 956 (8th Cir. 2002) ("If anything, [plaintiff's] motion to amend the complaint rendered moot [defendant's] motion to dismiss the original complaint."); *Standard Chlorine of Del., Inc. v. Sinibaldi*, 821 F. Supp. 232, 239-40 (D. Del. 1992) (finding that plaintiff's filing of an amended complaint rendered defendant's motion to dismiss moot)). Thus, under Eighth Circuit precedent, the Court's granting of Ms. Ma's motion for leave to file second amended complaint renders moot Nucor's previously filed motion to dismiss (Dkt. Nos. 8; 20; 20-1). Accordingly, the Court denies as moot Nucor's pending motion to dismiss (Dkt. No. 8).

The Court recognizes that Nucor's arguments for dismissing Ms. Ma's claims might remain the same in response to Ms. Ma's second amended complaint as they were in response to Ms. Ma's first amended complaint given Nucor's representation that "[p]ermitting Plaintiff to amend would

16

not serve any practical or judicial purpose because all of Defendant's positions in its pending motion to dismiss would still apply" (Dkt. No. 22, at 1). Should Nucor seek to dismiss Ms. Ma's second amended complaint, Nucor must file a separate motion responsive to the second amended complaint.

**V.      Conclusion**

For the above reasons, the Court grants Ms. Ma's motion for leave to file second amended complaint (Dkt. No. 20). The Court directs Ms. Ma to file her second amended complaint within 14 days from the entry of this Order. The Court grants Ms. Ma's motion for order granting plaintiff leave to file belated reply and directs Ms. Ma to file her reply brief within 14 days from the entry of this Order (Dkt. No. 23). The Court denies as moot Nucor's motion to dismiss (Dkt. No. 8). The Court also denies as moot Ms. Ma's pending motion to stay ruling on defendant's motion to dismiss pending plaintiff's motion to amend first amended complaint (Dkt. No. 17).

It is so ordered this 12th day of February, 2021.

_Kristine G. Baker_
Kristine G. Baker
United States District Judge