## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## NORTHERN DIVISION

**HONGWEI "TERRY" MA**                                                    **PLAINTIFF**

**v.**                            **Case No. 3:19-cv-00344-KGB**

**NUCOR CORPORATION f/k/a Nucor Steel,**
**Nucor Arkansas, and/or Nucor Steel Arkansas**                 **DEFENDANT**

## <u>ORDER</u>

Before the Court is defendant Nucor Corporation f/k/a Nucor Steel, Nucor Arkansas, and/or Nucor Steel Arkansas's ("Nucor") motion for protective order to facilitate the production of documents and other discovery in this matter (Dkt. No. 41). Nucor states that it has conferred with counsel for plaintiff Hongwei "Terry" Ma regarding its proposed protective order, but counsel was unwilling to agree to entry of a protective order indicating only that the proposed order was "very broad" (*Id*., at 1). In support of its motion, Nucor argues that it has served two notices of subpoena to produce documents to Ms. Ma's former employer seeking documents related to her employment and a prior lawsuit filed by Ms. Ma (*Id*., at 4). Ms. Ma's former employer has requested that appropriate protections be in place to protect the confidential nature of the non-public business and personal information that Nucor has requested (*Id*.). Nucor states that it seeks a protective order to protect the confidential and proprietary information sought from Ms. Ma's former employer as well as other information exchanged between the parties (*Id*., at 4). Ms. Ma has not objected to Nucor's motion for protective order, and the time for doing so has passed.

For good cause shown, the Court grants defendant Nucor's motion and enters the proposed confidentiality and protective order.  *See* Court's Exhibit A.  (*Id*.).

So ordered this 10th day of February, 2022.

Kristine G. Baker
United States District Judge

THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**HONGWEI "TERRY" MA**                                    **PLAINTIFF**

**VS.**                               **NO. 3:19-CV-00344 KGB**

**NUCOR CORPORATION f/k/a Nucor Steel,
Nucor Arkansas, and/or Nucor Steel Arkansas,
NUCOR-YAMATO STEEL COMPANY
(LIMITED PARTNERSHIP),
and its General Partners,
NUCOR HOLDING CORPORATION,
and YAMATO HOLDING CORPORATION**           **DEFENDANTS**

## CONFIDENTIALITY AND PROTECTIVE ORDER

Defendant Nucor Corporation F/K/A Nucor Steel ("Defendant") having moved the Court

to enter this Confidentiality and Protective Order, and the Court being of the opinion that this

Confidentiality and Protective Order should be entered to preserve the confidentiality of certain

sensitive, confidential and/or proprietary information that has been requested and that has been

or will be produced in discovery in this matter, it is therefore,

ORDERED THAT:

1.     The parties have designated or will designate documents, and business

information, including oral testimony, furnished or disclosed to another party or its counsel

during discovery or trial as "Confidential Information" in the manner set forth in this Order.

Such designation applies only to those documents that the parties contend contain confidential

and/or privileged information. None of the parties shall designate as Confidential Information

any document or information previously shared or exchanged between the parties unless:   (i)

such document or information was exchanged pursuant to a Confidentiality or Non-Disclosure

Agreement signed by all parties receiving the information or documents, and (ii) the document or



Court's
EXHIBIT
A

information was marked, stamped or otherwise designated as confidential on or in the document itself or in the transmittal email or other communication forwarding it.

2.     Except as the parties may otherwise agree in writing, the parties and their counsel shall maintain in confidence, all Confidential Information except as authorized under Paragraph 3 below, and such documents may be used by such attorney and the authorized persons to whom it is disclosed in accordance with this Order *only* for the purposes of this litigation *and for no other purpose whatsoever.*

3.     Nothing herein shall prevent disclosure beyond the terms of this Order if: (a) the party designating the information as Confidential Information consents in writing to such disclosure; (b) the Court, after notice to all affected parties and, upon hearing, orders such disclosure; or (c) such specific information is published or otherwise becomes available to the general public without any obligation of confidentiality through no fault or action of the party (or its counsel) to whom that information previously had been disclosed under this Order. Nothing herein shall prevent any counsel of record from using Confidential Information in the examination or cross-examination of any person who (i) is alleged to be or has claimed to be the author or source of the Confidential Information, or (ii) previously was provided with such information by the party that produced such information. Nothing herein shall be construed as a restriction on the use or disclosure of information by the party supplying the information.

4.     Confidential Information and/or documents shall be held in confidence and may be shown, disseminated or disclosed only to the following persons:

> (a)     The Court, its staff, witnesses and the jury in this Lawsuit in association with any proceedings herein. Confidential Information filed with the Court shall be redacted to the extent possible to exclude Confidential Information not relevant to the purposes for which the document is being filed and to protect the privacy interests of individuals.

2

(b)     A deponent in this Lawsuit, during the course of his or her examination and any court reporter(s) and videographer(s) taking such deposition(s). Either party may request that such deposition, or portion thereof, be kept Confidential Information in accordance with the terms of this Order by stating on the record during the course of the deposition or notifying the parties in writing within 30 days of receiving a final deposition transcript of the page and line numbers to be designated as Confidential Information. Any deponent, not otherwise included in subparts (c) – (g), will not be permitted to retain any information designated as Confidential Information without the agreement of the parties or Court Order and after signing a declaration in the form of Exhibit A;

(c)     All attorneys of record for the parties in this Lawsuit retained in or working on the prosecution, defense, appeal or settlement of this Lawsuit who have executed this Order. A signature by the attorney of record will suffice and bind their employees (including contract staff, copying services or other administrative support);

(d)     The parties to this Lawsuit provided that, prior to receiving any information designated as Confidential Information, must first be shown a copy of this Order and must sign a declaration in the form of Exhibit A, which declaration shall be retained by counsel for the receiving party;

(e)     Any experts or consultants used or retained by counsel for the preparation or trial of this Lawsuit to aid in the prosecution, defense, appeal or settlement of this Lawsuit. Prior to receiving any information designated as Confidential Information, any such expert must first be shown a copy of this Order and must sign a declaration in the form of Exhibit A. Such declaration shall be retained by counsel for the receiving party;

(f)     Such other persons in this Lawsuit as may be subsequently designated either by written agreement of the parties after a request or by order of the Court upon motion of either party, after notice to the opposing party and after signing a declaration in the form of Exhibit A; and

(g)     Translators retained by the parties for depositions and/or the preparation or trial of the Lawsuit who have signed a declaration in the form of Exhibit A.

5.     In the event that any Confidential Document or any information contained therein or derived therefrom is used in depositions, the Confidential Documents and information shall not lose their confidential status through such use, and the parties shall take all steps necessary to protect the confidentiality of the Confidential Documents and information during and after such

3

use.   It shall be the responsibility of the counsel desiring that particular information be designated as confidential and subject to the terms of this Order to advise the court reporter at the beginning and end of any questioning which involves a Confidential Document or any information contained therein or derived therefrom.  Any party shall have the right to designate as confidential any portion of any deposition related to matters deemed to be confidential during the course of the deposition.  The portion of the transcript so designated shall thereafter be treated as a Confidential Document within the meaning of this Order.

6.      In addition and/or as an alternative to the foregoing, any party which has produced Confidential Documents shall have the right to designate as confidential any portion of the deposition transcript not so designated during the deposition which involves a Confidential Document or any information contained therein or derived therefrom at any time within thirty (30) days prior to the close of discovery in this Lawsuit.  Such designations shall be served upon all parties receiving copies of the transcripts.  Each party shall attach a copy of such written statement to the face of the transcript and each copy thereof in his possession, custody or control, and the portions of the transcripts so designated shall thereafter be separately marked as confidential and treated as Confidential Documents for all purposes.

7.      Any party shall have the right to contest or object to the designation of a document, testimony or information as either Confidential Information by motion to the Court, which shall be heard after notice to all parties.  A party shall not be obligated to challenge the proprietary of a designation of information as Confidential Information at the time made, and a failure to do so shall not preclude a subsequent challenge thereto.  Exceptions to this Order may be made by written agreement of all the parties, and any party may seek an Order of the Court modifying this Order.  This Order shall be without prejudice to any party to bring before the

4

Court at any time the question of whether any particular information is or is not, in fact, confidential or trade secret information or otherwise appropriately designated in accordance with this Order.

8.      The authorization contained herein for the parties to designate any information as Confidential Information is intended solely to facilitate the settlement, preparation for trial, and trial of this case. Neither the agreement to, or entry of, this Order, or the designation by any party of documents, testimony or information as Confidential Information shall constitute an admission by any other party that such documents, testimony or information is, in fact, Confidential Information; nor shall the agreement to or entry of this Order be construed in any way as a waiver of any party's right to challenge or otherwise assert that documents, testimony or information designated as Confidential Information are not, in fact, Confidential Information. This Order shall not abrogate or diminish any contractual, statutory, or other legal privilege or protection of a party or person with respect to any Confidential Information. However, irrespective of whether in contemplation of law such information contains or constitutes confidential or secret information, all information designated as Confidential Information shall not be disclosed or used by the receiving parties except pursuant to the specific provisions of this Order as the Court may issue.

9.      Without limiting other remedies which may be available, if Confidential Information is disclosed or used in violation of this Order, a party which learns of such disclosure or use, as well as any party which caused, permitted, or otherwise was responsible for such disclosure or use, shall immediately inform all the other parties, in writing, of all pertinent facts relating to such disclosure or use, and shall make every effort to prevent any further

5

disclosure or use in violation of this Order, including any disclosure or use by any person who receives Confidential Information in violation of this Order.

10.     Upon final disposition of this action, the attorneys shall be entitled to retain one, but only one, copy of all Confidential Information within their file to the extent necessary to satisfy insurance or other legal requirements.     Otherwise, within fifteen (15) days, all Confidential Information and all copies, excerpts and extracts (excluding extracts incorporated into any privileged memoranda), except for such material which has become part of the record in this action, shall, upon request, be returned to the person who produced the material or destroyed. The destruction of such materials pursuant to this Order shall be confirmed in writing to counsel for the party who produced the material.  Insofar as the provisions of this Order and any further protective orders entered in this action restrict the communication and use of Confidential Information produced thereunder, such orders shall continue to be binding after the conclusion of this action.  This Court shall retain jurisdiction over this Order for the purposes of enforcing same, adjudicating claims of breaches thereof and administering damages and other remedies related thereto.

11.     The Parties' Confidential Information shall be kept and maintained in the attorneys' offices, and no originals or copies of such documents shall be kept or maintained by the Parties themselves, or in the Parties' offices, other than that Party's own documents.

12.     This Order shall be fully binding upon any deponent who is shown any Confidential Information in the course of a deposition.  Disclosure of Confidential Information or any information contained therein or derived therefrom in the course of a deposition shall proceed only after the witness has been shown and the record reflects that the witness has had an

6

opportunity to review a copy of this Order marked as an Exhibit, and has been advised on the record that its contents are binding upon the witness.

13. Each person or entity under subparagraphs 3(b), (c), (d) or (e) given access to any Confidential Information contained therein or derived therefrom shall segregate such material, keep it strictly secure, and refrain from disclosing in any manner any information set forth in such Confidential Information and shall keep such Confidential Information and any information contained therein or derived therefrom confidential, except as specifically provided by the terms of this Order.

14. This Order shall apply to all parties, and their counsel, who are joined in this litigation after the date hereof. Each party's counsel shall advise any new parties, or their counsel, of the existence of this Order, and each new party's counsel shall sign a duplicate original of this Order, send it to all other counsel for the parties and cause the same to be filed with the Court.

15. Any In the event a party wishes to use any Confidential Information in affidavits, declarations, briefs, memoranda of law, or other papers filed in this litigation, the party shall do one of the following: (1) with the consent of the producing party, file only a redacted copy of the information; (2) where appropriate (e.g., in connection with discovery and evidentiary motions) provide the information solely for *in camera* review; or (3) file such information under seal with the court consistent with the sealing requirements of the court.

16. The clerk of this court is directed to maintain under seal all documents, transcripts of deposition testimony, answers to interrogatories, admissions, and other papers filed under seal in this litigation that have been designated, in whole or in part as Confidential Information by any party to this litigation consistent with the sealing requirements of the court.

7

SIGNED on this 9th day of February, 2022.

Kristin L. Baker

**PRESIDING JUDGE**

8

## THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS
## NORTHERN DIVISION

**HONGWEI "TERRY" MA**                                   **PLAINTIFF**

**VS.**                          **NO. 3:19-CV-00344 KGB**

**NUCOR CORPORATION f/k/a Nucor Steel,**
**Nucor Arkansas, and/or Nucor Steel Arkansas,**
**NUCOR-YAMATO STEEL COMPANY**
**(LIMITED PARTNERSHIP),**
**and its General Partners,**
**NUCOR HOLDING CORPORATION,**
**and YAMATO HOLDING CORPORATION**          **DEFENDANTS**

## CONFIDENTIALITY AGREEMENT

This is to certify that the undersigned has read and fully understands the provisions of the

Confidentiality and Protective Order dated _____, 2022 entered in the above-

captioned matter (hereafter referred to as the "Protective Order").

As a condition precedent to disclosure to me of any material subject to the Protective

Order or my obtaining any information contained in said material, the undersigned hereby agrees

that the Protective Order shall be deemed to be directed to and shall include the undersigned, and

the undersigned agrees to be bound by and shall observe and comply with the provisions of the

Protective Order.

_____
*(SIGNATURE)*

_____
*(PRINTED NAME)*

_____
*(ADDRESS)*

*SIGNED at _____, this ____ day of _____, 2022.*

9

61139213;1

**EXHIBIT**

SUPPLYJUSTICE.COM

A